UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RELATOR LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DUFF, et al., <br><br> Defendants. | Case No. 24-cv-01002-AMO <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: Dkt. No. 50 |

This case is brought under the *qui tam* provisions of the False Claims Act. Before the Court is Defendants James Duff, Thomas Duff, Duff Capital Investors LLC ("DCI"), Southern Tire Mart, Inc. ("STM"), Pine Belt Motors, LLC ("PBM"), and Pine Belt CDJR, Inc. ("PBC")'s motion to transfer venue. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for March 26, 2026, is VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion, for the following reasons.

## I.      BACKGROUND

Relator LLC filed suit on behalf of the United States against Defendants on February 20, 2024, alleging that Defendants made false statements in loan applications to obtain relief under the government's Paycheck Protection Program ("PPP"). Complaint, Dkt. No. 1 ("Compl.") ¶¶ 54-67. Relator is a California limited liability company with its principal place of business in Los Angeles County. *Id.* ¶ 22. Defendants James Duff and Thomas Duff are citizens of Mississippi. *Id.* ¶¶ 23-24. Defendants DCI, STM, PBM, and PBC are Mississippi corporations with their principal places of business in Mississippi. *Id.* ¶¶ 25-28. STM currently has stores in Northern

United States District Court
Northern District of California

California but had no California presence at the time of the alleged fraud.  Declaration of Richard F. Yarborough Jr., Dkt. No. 50-1 ("Yarborough Decl.") ¶ 8.  Otherwise, Defendants do not transact business in the Northern District of California.  *Id.* ¶ 7.  Defendants applied for and received the PPP loans at issue in the Southern District of Mississippi.  *Id.* ¶ 9.  The bank that funded the PPP loans and the Small Business Administration Office that approved the PPP loans are also located in the Southern District of Mississippi.  *Id.*

On June 13, 2025, the United States declined to intervene in this action.  Dkt. No. 14.  On November 26, 2025, Defendants filed a motion to transfer this action to the U.S. District Court for the Southern District of Mississippi.  Dkt. No. 50.  On December 10, 2025, Relator filed an opposition, Dkt. No. 54, and Defendants' reply followed on December 17, 2025, Dkt. No. 56.

## II.    LEGAL STANDARD

Courts may transfer a case to another district "where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  First, a court must determine whether the case could have been brought in the target district.  *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018) (citing 28 U.S.C. § 1404(a)).  Second, the court weighs the convenience of the parties, the convenience of the witnesses, and the interest of justice.  *Id.*  In considering whether a transfer of venue is warranted, courts consider several factors, including:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum.

*Chess v. Romine*, No. 18-CV-05098-JSC, 2018 WL 5794526, at \*5 (N.D. Cal. Nov. 2, 2018); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The party seeking transfer bears the burden of showing that "the balance of convenience clearly favors transfer."  *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

A motion for transfer lies within the discretion of the district court and must be determined on an individualized basis.  *Jones*, 211 F.3d at 498.  In considering a motion to transfer, the court

may consider evidence outside of the pleadings, and it "draw[s] all reasonable inferences and resolve[s] factual conflicts in favor of the non-moving party." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-CV-06886-LB, 2023 WL 4053801, at \*5 (N.D. Cal. June 16, 2023) (citation omitted).

### III.  DISCUSSION

The Court first addresses Defendants' request for judicial notice, and then their motion to transfer.

#### A.  Request for Judicial Notice

Defendants request the Court take judicial notice of 24 documents. *See* Dkt. No. 51; *see also* Dkt. No. 52 (Tartakovsky Decl. ISO Mot. to Transfer). Relator does not oppose the request for judicial notice. Courts may take judicial notice of facts "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It is proper for a court to take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," including "websites run by governmental agencies." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015). Because Exhibit B, a table published by the United States Courts which summarizes civil and criminal federal court management statistics, is a public record available on a website run by the United States Courts, *see* Dkt. No. 52-24, the Court GRANTS Defendants' request for judicial notice as to Exhibit B. *See Alabsi v. Savoya, LLC*, No. 18-CV-06510-KAW, 2019 WL 1332191, at \*4 (N.D. Cal. Mar. 25, 2019) (granting request for judicial notice of the U.S. District Courts-Civil Statistical Tables for the Federal Judiciary); *Chess*, 2018 WL 5794526, at \*4 (granting request for judicial notice of U.S. District Courts statistical report). Because the Court did not consider the other documents for which judicial notice is sought, the request for judicial notice is otherwise DENIED as moot.

#### B.  Motion to Transfer

The parties do not dispute that the Southern District of Mississippi is a proper venue where the case could have been brought. *See* Dkt. No. 50 at 6; Dkt. No. 54 at 6. Instead, they dispute whether the factors weigh in favor of transfer. *Id.* Accordingly, the Court analyzes each factor to

3

United States District Court
Northern District of California

determine whether transfer is warranted.

### i. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally afforded substantial weight. *Layfield v. Unum Life Ins. Co. of Am.*, No. 24-CV-03616-AMO, 2025 WL 1359219, at *2 (N.D. Cal. May 9, 2025). But the "degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Id.* (citations and quotations omitted). Here, Relator is not located in the Northern District of California; it is an LLC located in Los Angeles County. Compl. ¶ 22. Additionally, the Northern District of California lacks a significant connection to the activities alleged in the complaint. Dkt. No. 50 at 7. All Defendants are based in the Southern District of Mississippi. Yarborough Decl. ¶¶ 3, 6-8. Defendants applied for and received the PPP loans at issue in the Southern District of Mississippi. *Id.* ¶ 9. The bank that funded the PPP loans is also located in the Southern District of Mississippi. *Id.* Thus, the Northern District of California has no apparent connection to the activities alleged in the complaint. Finally, the rule of "accord[ing] 'great weight' to plaintiff's choice of forum" is "diminished . . . when the plaintiff is a *qui tam* relator asserting the rights of the Government." *United States v. Janssen Biotech, Inc.*, No. 17-CV-07250-JST, 2019 WL 13175808, at *2 (N.D. Cal. Apr. 29, 2019). Such is the case here. For these reasons, the Court gives Relator's choice of forum minimal deference.

### ii. Convenience of the Parties

"[T]he Court must consider the relative convenience of each forum as it pertains to each party and determine the least inconvenient forum." *Chess*, 2018 WL 5794526, at *6. Defendants are all located in the Southern District of Mississippi. Yarborough Decl. ¶¶ 3, 6-8. Undoubtedly, the Southern District of Mississippi would be a more convenient forum for them. And while Relator is located in Los Angeles County, Compl. ¶ 22, it makes no argument that this District is more convenient for it. *See generally* Dkt. No. 54. Either way, there are six defendants and one plaintiff in this action. Because the Southern District of Mississippi is far more convenient for six out of the seven parties, this factor favors transfer.

/ / /

United States District Court
Northern District of California

### iii. Convenience of the Witnesses

Similarly, Defendants contend that the Southern District of Mississippi is more convenient because "the witnesses . . . are all in Mississippi." Dkt. No. 50 at 7. Relator argues that Defendants provide no reasoning for why it would be inconvenient for parties and witnesses to appear in the Northern District of California. Dkt. No. 54 at 6-7. But the inconvenience is apparent. While witness depositions may be taken remotely or in Mississippi, witnesses would need to travel to California for evidentiary hearings and trial. *See Stoll v. Rimini St., Inc.*, No. 21-CV-01930-JST, 2021 WL 6618642, at *4 (N.D. Cal. Sept. 14, 2021) (holding that the notion that it is "equally convenient" for non-residents "to litigate in a courthouse that is roughly five hundred miles away as it is for them to litigate in a courthouse in the district where they reside" cannot "possibly be true, and the assertion strains credulity."). Accordingly, witness convenience weighs in favor of transfer.

### iv. Ease of Access to Evidence

Defendants additionally argue that all evidence supporting their defense is in Mississippi. Dkt. No. 50 at 7. Relator responds that "Defendants do not identify any pieces of evidence that can only be accessed in Mississippi." Dkt. No. 54 at 7. "Although the ease of electronic discovery reduces the importance of this factor, 'costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored.'" *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. March 4, 2019) (citation omitted). Thus, the ease of access to evidence slightly favors transfer.

### v. Familiarity of the Forum with the Applicable Law

Both parties agree that this District and the Southern District of Mississippi regularly adjudicate cases involving the False Claims Act, so neither court is more familiar with the law. *See* Dkt. No. 50 at 8; Dkt. No. 54 at 8. This factor is neutral. *See Tutanes-Luster*, 2019 WL 1024962, at *7.

### vi. Feasibility of Consolidation of Other Claims

Neither Defendants nor Relator identify any actions that could be consolidated with this

case. Thus, this factor is neutral.

### vii. Local Interest in the Controversy

Defendants aver that Mississippi has a strong interest in adjudicating this dispute locally because the case "involves Mississippi businessmen and enterprises and transactions that allegedly took place within Mississippi, and the Mississippi public has an interest in having the dispute decided locally." Dkt. No. 50 at 8. Indeed, all activities related to this case took place in Mississippi, Yarborough Decl. ¶¶ 3, 6-9, and Mississippi residents and courts have an interest in ensuring that in-state individuals and corporations do not engage in fraudulent practices. In response, Relator argues that the Northern District of California has a local interest in the controversy "given that one of the defendants, STM, transacts business in this district." Dkt. No. 54 at 8. While STM currently transacts business in Northern California, it had no California presence at the time of the alleged fraud. Yarborough Decl. ¶ 8. Thus, any local interest in the Northern District of California is minimal. This factor weighs in favor of transfer.

### viii. Relevant Court Congestion and Time to Trial

As to court congestion, the "issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). Judges in the Northern District of California handle roughly twice as many filings per year as judges in the Southern District of Mississippi. Dkt. No. 50 at 8. Additionally, the average time for a civil case from filing to disposition is more than twice as long in this District as in the Southern District of Mississippi. *Id.* Relator does not dispute these statistics but argues that this factor alone is not sufficient for Defendants to carry their burden. Dkt. No. 54 at 8. The Court agrees this factor is not dispositive, but nonetheless it weighs in favor of transfer.

\* \* \*

Considering all the factors together, Defendants have met their burden of showing transfer is appropriate. While the Court gives some deference to Relator's forum choice, the convenience to the parties and witnesses, the ease of access to evidence, the local interest in the controversy, and relevant court congestion outweigh Relator's forum choice. *See Van Dusen v. Barrack*, 376

U.S. 612, 616 (1964) (noting the purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.") (internal quotation marks and citation omitted).

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer venue. Accordingly, the Court declines to rule on Defendants' motion to dismiss, Dkt. No. 49.  The Clerk shall transfer the case to the U.S. District Court for Southern District of Mississippi and close the case.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**